IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASON PULLAR, et al.,

    Plaintiffs,

       v.

GENERAL MD GROUP, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-4063-TWT

## OPINION AND ORDER

This is a breach of contract and fraud action.  It is before the Court on the Defendant David Weinstein's Motion to Dismiss [Doc. 36] the Defendant Dustin Simon's Cross-Claims and the Defendant Corine Weinstein's Motion to Dismiss [Doc. 35] the Defendant Dustin Simon's Cross-Claims.  For the reasons set forth below, the Defendant David Weinstein's Motion to Dismiss [Doc. 36] is GRANTED and the Defendant Corine Weinstein's Motion to Dismiss [Doc. 35] is GRANTED.

## I. Background

On November 21, 2012, the Plaintiffs Jason Pullar and Anthony Campagna filed this action against several parties, including Dustin Simon, David Weinstein, and Corine Weinstein.  The Plaintiffs asserted claims arising out of investments that they made in the General MD Group as well as certain representations made to them in

connection therewith.[1]  Dustin Simon is allegedly the current owner of General MD, having purchased it from the previous owner David Weinstein.  (Am. Compl. ¶¶ 25, 57; David Weinstein's Mot. to Dismiss Am. Compl., at 2-3.)  Dustin Simon filed an answer and asserted cross-claims against co-Defendants David and Corine Weinstein for fraud and breach of contract.  The cross-claims arise out of representations made by David Weinstein to Simon that allegedly induced Simon into: (1) purchasing the American Billing Corporation (incorporated in Wyoming) and the American Billing Corporation (incorporated in Delaware); and (2) purchasing the assets of the North American Transcription Company LLC, M.O.C. LLC, and the Capitol Collection Company.  (Simon Answer ¶¶ 3-5.)  These entities were never mentioned in the Plaintiffs' Complaint or Amended Complaint.  Simon never explains the connection between these entities and General MD, if any.  David and Corine Weinstein moved to dismiss Simon's cross-claims.[2]  David Weinstein argues, *inter alia*, that Simon may not bring these claims pursuant to Rule 13(g) because they do not arise out of the

---

[1] The General MD Group was in the business of performing services for medical offices. The Plaintiffs Pullar and Campagna entered into separate agreements with General MD -- with identical terms -- where they purchased a portion of these medical accounts from General MD.

[2] Although Simon asserted his cross-claims against both David Weinstein and Corine Weinstein, he alleges no facts regarding Corine Weinstein.

same transaction or occurrence as the original action. (David Weinstein Mot. to Dismiss, at 6-7.)

## II. <u>Motion to Dismiss Standard</u>

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. <u>See</u> <u>Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.</u>, 711 F.2d 989, 994-95 (11th Cir. 1983); <u>see</u> <u>also</u> <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.</u>, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. <u>See</u> <u>Lombard's, Inc. v. Prince Mfg., Inc.</u>, 753 F.2d 974, 975 (11th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007).

### III. Discussion

Simon's cross-claims, as alleged, do not satisfy the requirements of Rule 13(g).[3] Under this Rule, there are "two prerequisites for a cross-claim: (1) that it be a claim by one party against a co-party and (2) that the claim arise out of the same transaction or occurrence as the original action or a counterclaim." McDonald v. Oliver, 642 F.2d 169, 172 (5th Cir. 1981). To determine whether the cross-claim arises out of the same "transaction or occurrence"as the original action, the Court asks whether the cross-claim is ancillary to the original action. See Amco Const. Co. v. Mississippi State Bldg. Comm'n, 602 F.2d 730, 732-33 (5th Cir. 1979) ("It matters not if we ask whether this claim is a proper cross claim under Rule 13(g) or whether this claim is supported by ancillary jurisdiction. The analysis is substantially the same and our result would be the same."). "[A] claim is ancillary when it bears a logical relationship to the aggregate core of operative facts which constitutes the main claim over which the court has an independent basis of federal jurisdiction." Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 714 (5th Cir. 1970). The

---

[3] FED. R. CIV. P. 13(g): "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

required logical relationship exists "(1) when the same aggregate of operative facts serves as the basis for both claims or (2) when the core of facts supporting the original claim activates legal rights in favor of a party defendant that would otherwise remain dormant." Eagerton v. Valuations, Inc., 698 F.2d 1115, 1119 (11th Cir. 1983).

Here, the original claims and the cross-claims arise out of entirely different transactions. The original action was based on agreements between the Plaintiffs and General MD. (Am. Compl.) The cross-claims are based on agreements between Simon and David Weinstein relating to five other entities. The Plaintiff's Amended Complaint never references these entities and Simon does not allege any connection between these entities and General MD. Although the cross-claims and the original claims share a similarity -- they all allege some degree of fraud by David Weinstein -- that does not mean they arise out of the same transaction. More importantly, it does not mean that all of the claims depend on the same specific operative facts.[4]

Simon argues that David Weinstein used the same promises to induce Simon and the Plaintiffs into executing their respective agreements. David Weinstein

---

[4] The Plaintiffs asserted twelve claims, two of which were fraud claims. (Am. Compl.) These fraud claims were largely based on representations made within their agreements with General MD, and dealt with the corporate and financial status of General MD. (Am. Compl. ¶¶ 78-80, 87-89.) Simon's claims, however, mostly deal with representations made in his agreements with David Weinstein in addition to other representations mentioned nowhere in the Plaintiffs' Amended Complaint. (Simon Answer ¶¶ 15-16, 30, 33.)

allegedly promised to use the money he received to "provide marketing and development of prospects." (Simon's Resp. to David Weinstein's Mot. to Dismiss, at 15.) But that does not show that the original claims and the cross-claims arise out of the same transaction. It only shows that the different transactions that the claims arise from share certain similarities. Simon also argues that both his allegations and the Plaintiffs' allegations are indicative of David Weinstein's modus operandi. (Simon's Resp. to David Weinstein's Mot. to Dismiss, at 15.) This is a variation of his previous argument and fails for the same reason. It "states the connection too generically to satisfy the standard." Mount Vernon Fire Ins. Co. v. A.S. Const., Inc., No. 05-cv-3190, 2007 WL 2275242, at *4 (E.D.N.Y. Aug. 7, 2007). The original claims and the cross-claims are not "inexorably intertwined and are [not] the type which should be tried together." Allstate Ins. Co. v. James, 779 F.2d 1536, 1539 (11th Cir. 1986).

The Court "has not addressed the merits of the purported cross-claim[s] under either [FRCP] 12 or 56." Ventre v. Datronic Rental Corp., No. 92 C 3289, 1996 WL 5211, at *6 (N.D. Ill. Jan. 2, 1996). Simon "may refile [his] . . . cross-claim[s] as a separate lawsuit in either state court or federal court, provided that any lawsuit filed in federal court must independently satisfy federal jurisdictional requirements." Id. at

*8. The Defendant Simon's cross-claims against the Defendants David Weinstein and Corine Weinstein should be dismissed without prejudice.

IV. <u>Conclusion</u>

For these reasons, the Court GRANTS the Defendant David Weinstein's Motion to Dismiss [Doc. 36] and GRANTS the Defendant Corine Weinstein's Motion to Dismiss [Doc. 35].

SO ORDERED, this 24 day of October, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge